Luther v. Luther.

## Serena Luther v. Henry Luther.

1.  DIVORCE—*Proofs Must Sustain the Bill.*—In a suit for divorce, where the evidence is conflicting and the preponderance is not with the complainant, the allegations of the bill can not be said to be sustained and it is properly dismissed.

Divorce.—Error to the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding.   Heard in this court at the October term, 1899.   Affirmed.   Opinion filed February 1, 1900.

MORGAN & OREBAUGH, attorneys for plaintiff in error.

J. W. KERN, attorney for defendant in error..

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill for divorce, filed by plaintiff in error
against her husband, the defendant in error, charging him
with extreme and repeated cruelty.

The bill charged that soon after their marriage, defendant
in error commenced a systematic course of persecution and
ill-treatment toward plaintiff in error, which has continued
throughout their married life, and further alleged four
separate and distinct acts of physical violence committed
by defendant in error upon her person. Upon the hearing
the court below entered a decree dismissing the bill for
want of equity, and dissolving a temporary injunction which
had been previously granted. Upon the trial, plaintiff in
error testified to five acts of violence committed against her
by defendant in error. The acts testified to by her were of
different degrees of seriousness, only one of them being suffi-
ciently grave to cause her any noticeable degree of physical
pain. Upon every occasion but one, when the difficulties
are alleged to have occurred, the two were alone together,
and the act of violence is affirmed by plaintiff in error and
denied by defendant in error. The one act to which there
were witnesses is the most serious one complained of. On
that occasion Mrs. Luther testified that she wished to put
one of the children to bed, and upon attempting to take it for
that purpose Mr. Luther seized her by the wrists, twisted
her arms and pushed her into a corner of the room; that
the force used by him was such as to discolor the flesh of
her wrist and render her arm lame for three days. On the
other hand, Mr. Luther testified that his wife insisted upon
taking the child to bed at once; that he remonstrated with
her and attempted to detain it because he had given the
child permission to sit up a while after supper; that she
thereupon caught him by the throat, leaving the imprint of
her finger nails across it, and when forced to let go struck

at his face with her fist. A witness, Howard Russell, who stood outside of the house, corroborated Mrs. Luther to some extent, stating that he guessed Luther struck her, " from the looks of things," while a young man, Bert Miner, who was with Russell, substantially corroborated ·Mr. Luther's state-, ment, and testified to seeing a red mark on the latter's neck after the trouble was over. The only other witness to this transaction was Miss Eade, a sister of Mrs. Luther, who was at work in the kitchen adjoining when the trouble occurred. She testified that her sister had told her she was going to put the child to bed and that she, witness, thought he would object to the child going to bed, as he had said so before; that the door was open between the kitchen and sitting room, and that she saw him grab his wife by the wrist and push her in the corner; that she, witness, immediately went in and said, " I saw it all."

It appears, however, from the testimony of two witnesses, that Miss Eade had said in their presence that she had come to this country for a purpose, and when she went away she would take her sister with her. It also appears from the testimony of another witness, Mrs. Foreman, that after this occasion, and shortly before the separation, Mrs. Luther told her that her husband had never struck her, but that she hoped he would, so that she would have ground for a divorce. There can be no doubt but that the married life of this couple was an unhappy one, and it is probable that they had long ceased having any considerable regard for each other, but we can not say from the evidence that Mr. Luther was entirely responsible for this condition of affairs.

It appears Mrs. Luther was accustomed to go to parties and entertainments and remain out late at night without his consent and against his objection; that her conduct with another man, concerning whom there had been trouble between herself and her husband, was so indiscreet as to have become the general talk of the neighborhood, and that her husband had been notified of that fact.·

It therefore appears that she was not without fault on her part, and that she was at least equally to blame with

her husband for the difficulties which arose between them. Some of the evidence, indeed, tends to show an intention on her part to provoke trouble in order that she might get a divorce. However that may be, it is sufficient to say that the evidence in the case was conflicting and the preponderance does not appear to have been with the plaintiff in error. The judge who heard the case and saw the witnesses upon the trial in the court below, was of the opinion the allegations of the bill were not sustained, and we discover in the record no reason for disturbing his findings.

The decree of the Circuit Court will be affirmed.